IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BARRY L. HARRIS, )
    Plaintiff, )
     )
    v. ) Case No. 15-0012-CV-W-FJG
     )
16TH JUDICIAL CIRCUIT OF MISSOURI, )
    Defendant. )

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 10). Defendant indicates that sovereign immunity bars plaintiff's lawsuit.

### I. Background

Plaintiff filed the pending action on January 7, 2015, naming Jackson County, Missouri as the sole defendant. On March 6, 2015, plaintiff filed a motion to amend the complaint, substituting the 16th Judicial Circuit of Missouri as defendant. On March 26, 2015, the Court granted the motion for leave to amend, and on March 30, 2015, plaintiff filed his amended complaint.

In the amended complaint, plaintiff alleges that he is employed by the 16th Judicial Circuit of Missouri. Plaintiff brings a claim on behalf of himself and all others similarly situated against the defendant for unpaid straight time and overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 297(a)(1). Plaintiff claims that he and other execution deputies and/or process servers worked after their clock out time, into weekend and evening hours performing their job duties for defendant. On April 7, 2015, defendant filed the pending motion to dismiss.

## II. Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

## III. Defendant's Motion to Dismiss (Doc. No. 10)

The 16th Judicial Circuit of Missouri moves to dismiss plaintiff's complaint due to sovereign immunity. Defendant indicates that (1) sovereign immunity applies to FLSA claims; (2) Missouri has not waived sovereign immunity for FLSA claims; and (3) the 16th Judicial Circuit is an "arm of the state" for purposes of sovereign immunity. Plaintiff contends in his suggestions in opposition that the 16th Judicial Circuit is not an "arm of the state," and therefore sovereign immunity should not apply.

The guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in federal court. Bd. of Tr. Of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 121S.Ct. 955, 962, 148 L.Ed.2d 866 (2001). The Constitution inherently recognizes that States are immune from suit by individuals and that the judicial power of the United States cannot extend to suits against individual States unless (1) the action is brought by the United States or a different state; (2) the action is based on a law that Congress enacted pursuant to its power to enforce the Fourteenth Amendment; or (3) the individual state defendant consented to the lawsuit. Alden v. Maine, 527 U.S. 706, 755-56 (1999) (further holding that sovereign immunity bars FLSA claims against a non-consenting state, id.). The Eleventh Amendment "encompasses not only actions where the state is actually named as a defendant, but also certain actions against state instrumentalities." See Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429-430, 117 S. Ct. 900, 903, 137 L.Ed.2d 55 (1997).

As for the issue of whether a Missouri Circuit Court is an arm of the state under the Eleventh Amendment, the Eighth Circuit has already spoken. In McKlintic v. 36th Judicial Circuit Court, 508 F.3d 875 (8th Cir. 2007), the Eighth Circuit found in the context of a Family and Medical Leave Act ("FMLA") claim, that Eleventh Amendment immunity shielded the 36th Judicial Circuit of the State of Missouri from suit. Id. at 877 (affirming McKlintic v. 36th Judicial Circuit Court, 464 F.Supp.2d 871 (E.D. Mo. 2006)). In that matter, the District Court found that the 36th Judicial Circuit Court exists pursuant to Article V, § 1 of the Missouri Constitution, which provides for the judicial department and which states that there shall be circuit courts, and therefore the Judicial Circuit is an entity of the State of Missouri. McKlintic v. 36th Judicial Circuit Court, 464 F. Supp. 2d 871, 875 (E.D. Mo. 2006). Similarly, the Eighth Circuit previously found that Missouri

3

courts are immune from Section 1983 suits because they are protected by state immunity under the Eleventh Amendment. Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986) (citing Alabama v. Pugh, 438 U.S. 781, 782 (1978)). Plaintiff's factual contentions to the contrary (that factual issues exist as to whether he was employed by the state, the county, or another political subdivision) were all considered in McKlintic and rejected by the District Court.

Therefore, on the facts presented in plaintiff's complaint, the Court finds that plaintiff is employed by the 16th Judicial Circuit, and pursuant to prior Eighth Circuit precedent, the Judicial Circuits in the State of Missouri are deemed to be arms of the state in terms of Eleventh Amendment immunity. The three exceptions to Eleventh Amendment immunity are not at question in this case, because the parties do not dispute that (1) the plaintiff is an individual, not the United States or another state; (2) the FLSA is a regular federal law, not a law enacted by Congress pursuant to its power under the Fourteenth Amendment; and (3) the State of Missouri has not consented to the filing of FLSA actions. Therefore, sovereign immunity acts as a bar to plaintiff's complaint.

Accordingly, defendant's motion to dismiss (Doc. No. 10) must be **GRANTED.**

### IV. Conclusion

Accordingly, for the foregoing reasons, defendant's motion to dismiss (Doc. No. 10) is **GRANTED.**

**IT IS SO ORDERED**.


Date: <u>June 23, 2015</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge